UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-20045-CIV-MORENO

EVEREST NATIONAL INSURANCE
COMPANY, and any other underwriters
subscribing to policy of insurance no.
SY00000342-171, as subrogee of Frederico
Michanie,

        Plaintiff,

vs.

SUNSEEKER INTERNATIONAL LTD.,
SUNSEEKER USA HOLDINGS, INC.,
SUNSEEKER USA SALES CO., INC., and
MARINE CONSULTING ASSOCIATES,
INC. d/b/a RICK OBEY 7 ASSOCIATES,

        Defendants.
_____/

## ORDER ON SUNSEEKER DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

THIS CAUSE came before the Court upon Defendants Sunseeker USA Holdings, Inc., and Sunseeker USA Sales Co., Inc.'s (collectively, "Sunseeker Defendants") Motion to Dismiss Second Amended Complaint **(D.E. 80)**, filed on April 15, 2021.

THE COURT has considered the motion, the response, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion is GRANTED in part and DENIED in part.

### BACKGROUND

The matter arises from the near sinking of a 2016 Sunseeker Manhattan 65' cruiser ("Vessel") owned by Frederico Michanie and insured by Plaintiff Everest National Insurance Company ("Everest"). The near sinking occurred when the Vessel, manufactured and sold by

the Sunseeker Defendants, began taking on water while traveling off the coast of Miami, Florida. In its Second Amended Complaint, Everest alleges that the near sinking was the result of a defective air conditioning raw/sea water circulation system. According to the Complaint, the defect caused a "leak" that damaged "the [V]essel's interior and components of the Vessel outside the air conditioning raw/sea water circulation system."

Everest alleges three counts against the Sunseeker Defendants: breach of express warranty (Count I), breach of implied warranty of merchantability pursuant to the Magnuson Moss Act, 15 U.S.C. § 2301 *et seq.* (Count II), and negligence (Count III). The Sunseeker Defendants moved to dismiss, arguing that the economic loss rule bars Everest's negligence claim. The Sunseeker Defendants also contend that Everest failed to state causes of action for breach of any express or implied warranties.

## STANDARD

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, the Court must accept factual allegations as true and draw all inferences in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Conclusory statements are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "may not engage in contract interpretation at the motion to dismiss stage." *Geter v. Galardi S. Enterprises, Inc.*, 43 F. Supp. 3d 1322, 1328 (S.D. Fla. 2014).

## ANALYSIS

1. **Negligence**

The Sunseeker Defendants argue that the Court should dismiss Everest's negligence claim because it is barred by the economic loss rule. Under the economic loss rule, "a

manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself." *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871 (1986). For purely economic losses flowing from damages to a product, the economic loss rule dictates that a contracting plaintiff may resort only to the law of contracts as a remedy. *Id.* A purchaser can, however, bring tort claims against the original manufacturer or distributor where damage occurs to property other than the allegedly defective product itself. *See Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875, 884–85 (1997). In *Saratoga Fishing*, the Court held that a plaintiff could sue in tort after a vessel's defective hydraulic system cause a fire that resulted in the "physical destruction of *extra equipment*" that a prior owner had added to the vessel. *Id.* at 877. The economic loss rule applies in admiralty actions like the instant case. *See R.A.M. Agency, Inc. v. Seaboard Marine, Ltd.*, 995 F. Supp. 1465, 1468 (S.D. Fla. 1997).

Everest's negligence claim fits squarely within the economic loss rule. The only damages Everest alleges are to the Vessel itself. Everest does not, for example, allege that the leak resulting from the defective air conditioning raw/sea water circulation system cause damage to *extra equipment* on the Vessel—such as a skiff, fishing net, or spare parts—as the plaintiff in *Saratoga Fishing* did. 520 U.S. at 877. Everest merely alleges damage to the Vessel's "interior and components of the Vessel outside of the air conditioning raw/sea water circulation system."

Everest's argument that in doing so it has alleged damages to "other property," so the economic loss rule does not apply, is unpersuasive. The Supreme Court has rejected the notion that "a user might recover for damage a defective component causes the manufactured product, other than the component itself." *Id.* at 883. In fact, the Court recognized that lower courts "have held that it is not a component part but the vessel—as placed in the stream of commerce

3

by the manufacturer and its distributors—that is the 'product' that caused itself harm." *Id.* A contrary holding "would require the finding of property damage in virtually every case where a product damages itself" as "all but the very simplest of machines have component parts." *Id.* (quoting *E. River*, 476 U.S. at 867). The Court made clear that its holding that tort claims for damage to property other than the defective product did "not affect this rule." *Id.* Because Everest alleges nothing more than damage to the Vessel itself, the economic loss rule bars Everest's negligence claim.

To the extent that Everest argues that the Sunseeker Defendants were negligent in failing to warn of the defective air conditioning raw/sea water circulation system, that argument fails too. "[I]f a manufacturer has no duty to prevent a product from injuring itself, it likewise can have no duty to warn a purchaser that a product may injure itself." *Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1339 (S.D. Fla. 2013). As such, Count III of Everest's complaint is dismissed.

### 2. Breach of Warranty

The Sunseeker Defendants argue that Counts I and II should be dismissed because the terms and conditions of the limited warranty on the Vessel preclude Everest's breach-of-warranty claims. Such argument calls for the Court to do something it cannot do: interpret the terms of a contract at the motion-to-dismiss stage. *Geter*, 43 F. Supp. 3d at 1328 ("[T]he Court may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment."). The motion to dismiss Counts I and II is denied. The Sunseeker Defendants are free to raise this argument again at the summary-judgment stage.

### 3. Shotgun Pleading

4

The Sunseeker Defendants also argue that Everest has failed to state any claims against Sunseeker USA Holdings—which is separate from the other Sunseeker Defendant, Sunseeker USA Sales—and that all claims against Sunseeker USA Holdings should be dismissed. A complaint in which there are "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" is a shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–21 (11th Cir. 2015). Here, the Second Amended Complaint is not a shotgun pleading. Everest has alleged that Sunseeker USA Sales and Sunseeker USA Holdings are interrelated entities. And Everest's allegations against the Sunseeker Defendants are separate from the allegations against the other defendants in the case. Accordingly, the motion to dismiss all claims against Sunseeker USA Holdings is denied.

## CONCLUSION

The Sunseeker Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. Count III (Sunseeker's Negligence) is dismissed.

GRANTED in part and DENIED in part.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th of December 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record